UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ELAINA SERROTE,<br><br>              Plaintiff,<br>  v.<br>MARIN COUNTY, a political subdivision of the State of California<br><br>              Defendant.<br>_____/ | No. C 11-1674 MEJ<br><br>**ORDER RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. #6]** |

## I. INTRODUCTION

Pending before the Court is Defendant Marin County's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. No. 6. On May 17, 2011, Plaintiff filed her opposition, and Defendant filed its reply on May 23, 2011. Dkt. Nos. 13, 14. Pursuant to Civil Local Rule 7-1(b), the Court finds that the Motion is appropriate for determination without oral argument and therefore **VACATES** the hearing set for June 16, 2011. After carefully considering the parties' arguments, the Court **GRANTS** Defendant's Motion.

## II. BACKGROUND

On April 6, 2011, Plaintiff Elaina Serrote ("Plaintiff") initiated this lawsuit by filing a Complaint against Defendant Marin County, a political subdivision of the State of California ("Defendant"). Dkt. No. 1. The following facts are taken from her Complaint. Plaintiff was charged with driving under the influence of alcohol in violation of California Vehicle Code section 23152, a charge which is currently pending before the California Superior Court. *Id.* at ¶ 4. As part of the plea bargain process, the Marin County District Attorney informed Plaintiff that a proffered plea bargain would result in a less severe penalty than she would likely receive if she went to trial and was convicted. *Id.* at ¶ 8. As part of this process, a form was provided to her that indicated the

penalty she would receive as part of a "Standard DUI 1st Offense Offer" as well as the "Maximum Penalties" she would be subject to if she lost at trial and the "standard sentence after trial" of "five (5) days in custody in addition to the above probation conditions." *Id.*

Plaintiff alleges that Defendant's practice of imposing a more severe penalty upon defendants who exercise their constitutional right to a jury trial than those who plead guilty and waive the right to a trial amounts to a constitutional violation. *Id.* at ¶ 9. Plaintiff brings suit under 42 U.S.C. § 1983, alleging that Defendant's policy violates the right to a jury trial and the due process clause in the United States Constitution. *Id.* Plaintiff seeks to bring this case on behalf of a class "for those persons similarly situated as arrested and prosecuted for crimes under California law in Marin County." Compl. ¶ 1.

On May 9, 2011, Defendant filed the pending motion for judgment on the pleadings, arguing that the practice of offering plea bargains with a lighter sentence than that likely to result after a jury trial resulting in a conviction is entirely proper and, in fact, essential to the plea bargain process. Def.'s Mot. at 2:18-21, Dkt. No. 6.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989). For a motion under either rule, the question presented is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

1 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
2 the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
3 ––– U.S. –––, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability
4 requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.
5 (quoting *Twombly*, 550 U.S. at 557.) In considering a motion to dismiss, a court must accept all of
6 the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id*. at
7 550; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The plaintiff's complaint need not contain
8 detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a
9 cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of
10 action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. In
11 reviewing a motion to dismiss, courts may also consider documents attached to the complaint.
12 *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).
13 Additionally, courts may consider a matter that is properly the subject of judicial notice, such as
14 matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the court
15 dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading
16 was made, unless it determines that the pleading could not possibly be cured by the allegation of
17 other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

19 In its motion, Defendant argues that the practice of offering plea bargains with a lighter
20 sentence than that likely to result after a jury trial resulting in a conviction is entirely proper and, in
21 fact, essential to the plea bargain process. Def.'s Mot. at 2:18-21, Dkt. No. 6. Thus, Defendant
22 argues that, even if all of the facts Plaintiff alleges are assumed to be true, she has not set forth a
23 basis for which relief may be granted. *Id.* at 3:7-9. Plaintiff raises both procedural and substantive
24 arguments in response, which the Court shall address below.

25 **A.   Timeliness of Defendant's Motion**

26 First, Plaintiff argues that Defendant's motion is untimely because it was filed more than 21
27 days after service of her Complaint. Pl.'s Opp'n at 5:8-15, Dkt. No. 13. However, Plaintiff appears

to base her argument on Rule 12(b)(6) rather than 12(c). Specifically, Plaintiff argues that "Defendant's fail[ed] to file their Fed.R.Civ.P. 12(b)(6) motion within 21 days of the service of the summons and complaint. Thus, their motion is untimely and must be dismissed with prejudice." *Id.* at 6:13-15. Defendant plainly states that it is bringing this motion based upon Rule 12(c). Pursuant to Rule 12(c), a party may move for judgment on the pleadings only "[a]fter the pleadings are closed." Accordingly, as Defendant filed its answer on April 29, 2011, (Dkt. No. 5), Plaintiff's argument regarding the timeliness of Defendant's motion fails.

### B.     Whether Defendant's Motion Argues Facts that are in Dispute

Next, Plaintiff argues that disputed facts make Defendant's motion improper. Specifically, Plaintiff argues that disputes exist as to whether Defendant acted improperly or whether Plaintiff felt compelled to make a plea due to the threat of a more severe punishment if she lost at trial. Pl.'s Opp'n at 7:15-19. Plaintiff thus argues that Defendant's motion "is tantamount to a summary judgment motion that considers evidence outside the pleadings." *Id.* at 7:19-20. Plaintiff also quotes portions of Defendant's motion, in which it argues that its pretrial offer of a lesser sentence "created no presumption of vindictiveness, and that its "practice must be found proper." Def.'s Mot. at 5:11-14. Plaintiff's argument is without merit.

In its motion, Defendant sets forth the relevant facts and cites to the specific paragraphs of Plaintiff's Complaint where they are set forth; nowhere does Defendant address facts that are not in the Complaint, nor does it contend that any of the facts in Plaintiff's Complaint are disputed. Instead, Defendant argues that Plaintiff cannot argue that it violated her constitutional rights because she fails to state a claim upon which relief can be granted. As stated above, the question presented in a Rule 12(c) motion is not whether Plaintiff will prevail in the action, but whether she is entitled to offer evidence in support of the claim. *Scheuer*, 416 U.S. at 236. Accordingly, Defendant's motion is properly before the Court under Rule 12(c).

### C.     Whether Judgment on the Pleadings is Appropriate

Turning to the merits of Defendant's motion, Plaintiff argues that "courts may not indicate how a case will be disposed of by inducing a plea bargain that is unconstitutionally premised with a

4

1  threat of a more severe punishment after taking their case [t]o trial that results in a conviction." Pl.'s
2  Opp'n at 9:5-7.

3        The practice of offering a criminal defendant a plea bargain resulting in a lighter sentence
4  than the individual is likely to have imposed by the court is well established. *Bordenkircher v.*
5  *Hayes*, 434 U.S. 357, 363 (1978) (a prosecutor may offer a "recommendation of a lenient sentence
6  or a reduction of charges" as part of the plea bargaining process). Thus, "in the 'give-and-take' of
7  plea bargaining, there is no such element of punishment or retaliation so long as the accused is free
8  to accept or reject the prosecution's offer." *Id.* "Indeed, acceptance of the basic legitimacy of plea
9  bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a
10 constitutional sense simply because it is the end result of the bargaining process. By hypothesis, the
11 plea may have been induced by promises of a recommendation of a lenient sentence or a reduction
12 of charges, and thus by fear of the possibility of a greater penalty upon conviction after a trial." *Id.*
13 (citations omitted).

14       While confronting a defendant with the risk of more severe punishment clearly may have a
15 "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult
16 choices [is] an inevitable" - and permissible - "attribute of any legitimate system which tolerates and
17 encourages the negotiation of pleas." *Id.* at 364. "It follows that, by tolerating and encouraging the
18 negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple
19 reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his
20 right to plead not guilty." *Id.*

21       Based on this standard, the Court finds that Defendant did not act unconstitutionally by
22 offering her a lesser sentence and confronting her with the risk of a more severe punishment should
23 she proceed to trial. Plaintiff alleges that Defendant "has a policy, custom, pattern and practice in its
24 prosecution of crimes alleged to have been committed in Marin County by indicating to the arrested
25 citizens that they will face a much more severe penalty if they do not take the suggested plea bargain
26 offered, go to a trial and lose at trial." Pl.'s Opp'n at 3:17-20. However, as stated above, the United
27 States Supreme Court has specifically recognized that confronting a defendant with the risk of
28

severe punishment may have a discouraging effect on the defendant's assertion of trial rights, yet held that it is a permissible part of the negotiation process.

In her Opposition, Plaintiff cites to a number of cases that are either factually distinguishable or have been overturned. *See, e.g., North Carolina v. Pearce*, 395 U.S. 711, 717-18 (1978) (recognizing a constitutional guarantee against multiple punishments for the same offense and requiring that punishment already exacted be fully credited in imposing a sentence upon a new conviction for the same offense) (overruled by *Alabama v. Smith*, 490 U.S. 794, 802-03 (1989) (finding no presumption of vindictiveness when a sentence imposed after trial was greater than that previously imposed after a guilty plea which the defendant succeeded in having vacated); *People v. Superior Court (Felmann)*, 59 Cal. App. 3d 270, 276 (1976) (holding that a court (as opposed to a district attorney) may not offer any inducement in return for a plea of guilty.  The Court finds these and the other cases cited by Plaintiff inapplicable.

Based on this analysis, the Court finds that Defendant is entitled to judgment on the pleadings.

## V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss. Because there are no allegations that Plaintiff could assert to change the Court's rulings, any amendment to Plaintiff's Complaint would be futile.  Dismissal is therefore **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: May 25, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California